No. 3663

Second Circuit

———

YOUNGER v. RED RIVER & GULF R. R.

———

(January 31, 1930. Opinion and Decree.)

———

215

K. Hundley, of Alexandria, attorney for plaintiff, appellant.

Hakenyos, Provosty & Staples, of Alexandria, attorneys for defendant, appellee.

WEBB, J. This is an action to recover damages to an automobile alleged to have resulted from the negligence of defendant in permitting a highway crossing on its line to become in a bad state of repair, and plaintiff appeals from a judgment rejecting his demands.

Plaintiff alleged that there were holes and ruts in the crossing, and that as the automobile was being driven over the crossing, and after the front wheels had passed both rails of the railroad track, the car had suddenly dropped down onto the rails, causing the damage; and in answer to the suit defendant first pleaded a general denial, and in the alternative contributory negligence.

The accident was alleged to have occurred on December 11, 1928, and while witnesses called by plaintiff stated that the damage had resulted from the car suddenly dropping onto the rails, as alleged by plaintiff, the witnesses, of whom there were several, apparently did not pay any attention to the condition of the crossway, as they were unable to state whether a plank on the crossing had given away under the weight of the car, or whether the wheels had fallen into ruts or holes on the crossing, and, accepting the statement of the plaintiff's witnesses, who were the only ones who claimed to have known of the accident, it is impossible to determine what was the specific defect in the crossing which could have caused the damage.

Defendant was not advised of the alleged accident, or of any claim of damages, until about February 9, 1929, at which time an inspection was made of the crossing, when it was found to be in good condition, and it was further established that the crossing had not been repaired in the meantime, and witnesses were called by defendant who stated that they had used the crossing at about the time the accident is said to have occurred, and that it was in a good state of repair at that time, and it was also shown that the crossing was inspected from time to time by defendant, and that no one had made any complaint of its being in bad condition.

The burden of proof was on the plaintiff to establish that the damage claimed was caused by a defect in the crossing, and we are of the opinion that the evidence failed to establish that there was any defect in the crossing, and the judgment is affirmed, at plaintiff's costs.